IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERROL ARAM MANN,<br><br>Defendant. | CR 09-75-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Mann of violating his conditions of supervised release by 1) using a controlled substance, 2) consuming alcohol, 3) committing another crime (traffic violations), and 4) committing another crime (assault). He admitted to the violations. Mr. Mann's supervised release should be revoked. He should be sentenced to six months of custody, with thirty months of supervised release to follow. The first 180 days of Mr. Mann's supervised release should be spent in a Residential Re-entry Center, as directed by the United States Probation Office.

## II. Status

On July 20, 2010, United States District Court Judge Sam Haddon sentenced

1

Mr. Mann to 235 months custody, with sixty months of supervised release to follow, after he pleaded guilty to Unalwful Transport of Firearms. (Doc. 43). On September 27, 2017, Mr. Mann was re-sentenced by United States District Judge Brian Morris to time-served, with thirty-six months of supervised release to follow. (Doc. 80).

On January 23, 2018, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Mann had been arrested, charged, and convicted of Disorderly Conduct and Trespassing. (Doc. 83). The Court allowed him to continue his supervised release and to relocate to Missoula for employment.

On March 19, 2018, the United States Probation Office filed a Report on Offender under Supervision after Mr. Mann was convicted of shoplifting. (Doc. 84). The Court allowed him to continue his supervised release.

On May 14, 2018, the United States Probation Office filed a Report on Offender under Supervision after Mr. Mann submitted a positive urine sample for methamphetamine and was found to have consumed alcohol on three different occasions. (Doc. 85). The Court allowed him to continue his supervised release to participate counseling.

**Petition**

On June 7, 2018, the Probation Office filed a petition seeking to revoke Mr. Mann's supervised release. The petition alleged that on June 6, 2018, Mr. Mann admitted to using methamphetamine the day before, after the probation office became aware of an incident where he had contact with law enforcement. The petition further alleged that on June 6, 2018, Mr. Mann admitted that he consumed alcohol on either June 3 or 4, 2018. Finally, the petition alleged that Mr. Mann was cited for Driving a Motor Vehicle while Privilege to do so is Suspended, Speeding, and Operating without Insurance on October 23, 2017, and that similar traffic offenses occurred on January 20, 2018, March 28, 2018, April 15, 2018, April 22, 2018, and June 1, 2018. (Doc. 86). Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Mann's arrest. (Doc. 87).

**Amended petition**

On June 21, 2018, the Probation Office filed an amended petition seeking to revoke Mr. Mann's supervised release. The amended petition alleged that following his arrest on June 6, 2018, while in the booking area of the Cascade County Detention Center, Mr. Mann assaulted another inmate by striking him in the face with his fist. (Doc. 89).

**Initial appearance**

Mr. Mann appeared before the undersigned on June 21, 2108, in Great Falls, Montana, for an initial appearance. Federal Defender David Ness accompanied Mr. Mann at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Mann said he had read the petition and understood the allegations. Mr. Mann waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Mann admitted to the violations as alleged in the petition. The admitted violations are serious and warrant revocation of Mr. Mann's supervised release.

Mr. Mann's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Ness argued for a sentence of three months custody, noting that Mr. Mann was released without a plan and was not given the opportunity to attend pre-release, which would have helped him adjust after a lengthy prison sentence. Mr. Mann exercised his right of allocution and apologized to the Court, stating that he

struggles with stress on the outside, but believes he has been doing good overall and that he can succeed on supervision. Mr. Weldon acknowledged Mr. Mann's acceptance of responsibility, and recommended a low guideline sentence of eight months, arguing that Mr. Mann has an extensive criminal history and is a danger when under the influence.

### III. Analysis

Mr. Mann's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to six months of custody, with thirty months of supervised release to follow. The first 180 days of Mr. Mann's supervised release should be spent in a Residential Re-entry Center, as directed by the United States Probation Office. The Court also recommends that Mr. Mann's term in the Residential Re-entry Center should be spent in the Great Falls Pre-Release Center, if at all possible. A downward variance from the guideline is appropriate in this case because of Mr. Mann's candor to the Court and his acceptance of responsibility. This sentence would be sufficient for the violation of the Court's trust, but would not be greater than necessary.

### IV. Conclusion

Mr. Mann was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and

Recommendations within fourteen days of their issuance. The undersigned explained that Judge Morris would consider Mr. Mann's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Mann's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Errol Aram Mann violated the conditions of his supervised release by 1) using a controlled substance, 2) consuming alcohol, 3) committing another crime (traffic violations), and 4) committing another crime (assault).

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Mann's supervised release and committing Mr. Mann to the custody of the United States Bureau of Prisons for six months, with thirty months of supervised release to follow. The first 180 days of Mr. Mann's supervised release should be spent in a Residential Re-entry Center, as directed by the United States Probation Office.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 25th day of June, 2018.

_____
John Johnston
United States Magistrate Judge