# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERROL ARAM MANN,<br><br>Defendant. | CR-09-75-G-BMM<br><br><br><br>**AMENDED ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 25, 2018. (Doc. 93.) Mann filed objections on August 6, 2018. (Doc. 96.) The Court reviews de novo findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

Judge Johnston conducted a revocation hearing on June 21, 2018. Mann admitted that he violated the conditions of his supervised release by 1) using a controlled substance, 2) consuming alcohol, 3) committing another crime (traffic violation), and 4) committing another crime (assault). (Doc. 93 at 1.) Judge Johnston found that Mann's violations proved serious and warranted revocation of Mann's supervised release. *Id.* at 4. Judge Johnston recommends that Mann's

1

supervised release be revoked, and further recommends a sentence with six months of custody, and thirty months of supervised release to follow. Judge Johnston also recommends the first 180 days of Mann's supervised release be spent in a Residential Re-entry Center, as directed by the United States Probation Office. *Id.* at 6.

Mann opposes Judge Johnston's Findings and Recommendations, arguing that the sentence will not provide him with adequate psychological and correctional treatment. (Doc. 96 at 4.) Mann argues that his chemical dependency evaluation reflects a desperate need of treatment. Mann cites his chemical dependency evaluation, wherein his evaluator recommends a level 3.5 treatment followed by out-patient treatment and placement in a pre-release center or sober living home. *Id.* at 4-5.

Mann requests the Court reject Judge Johnston's Findings and Recommendations. *Id.* at 5. He requests a sentence of time served followed by a term of supervised release requiring that he attend a long term in-patient treatment program followed by a term of no more than 90 days in a pre-release center. *Id.*

The Court agrees with Judge Johnston's Findings and Recommendations in part. Mann's violations of his conditions represent a serious breach of the Court's trust. Mann has had three noncompliance hearings since release from prison. Mann has also tested positive for methamphetamine and consumed alcohol on three

occasions. Further, Mann has been accused of hitting an inmate in the face while in the booking area of the Cascade County Jail.

Mann has encountered difficulties remaining substance free. The Court recognizes Mann's acceptance of responsibility and acknowledgement of his need for treatment. The Court also agrees with Judge Johnston that a downward variance from the guideline to six months is appropriate in this case. The Court also finds that two months at the Connections Corrections Treatment Center following custody will prove vital to Mann's success on supervised release. The Court further finds that 180 days of supervised release to follow Mann's inpatient treatment represents a sufficient, but not greater than necessary, sentence.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 93) is ADOPTED to the extent described above.

**IT IS FURTHER ORDERED** that Defendant Errol Aram Mann be sentenced to six months custody, followed by 180 days of supervised release, with the first 60 days to be spent in Connections Corrections Treatment Center.

DATED this 6th day of September, 2018.

Brian Morris
United States District Court Judge